IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE-NICHOLAS OSBALDO, No. R72183, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-cv-00964-JPG ) |
| NATHAN J. BERRY, ROBERT E. HUGHES, JASON N. HART, RICHARD HARRINGTON, KIMBERLY BUTLER, WILLIAM QUALLS, JUSTIN SNELL, MATTHEW PURDOM, AIMEE LANG, WEXFORD HEALTH SOURCES, INC, and UNKNOWN MENARD PHYSICIAN, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jose-Nicholas Osbaldo is an inmate currently housed at Menard Correctional Center. By and through assigned counsel, Osbaldo brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights, stemming from an assault in February 2014, the denial of medical care, subsequent disciplinary proceedings, and the conditions of Plaintiff's confinement in segregation. Supplemental claims based on Illinois law are also presented in accordance with 28 U.S.C. § 1367(a).

The amended complaint (Doc. 15), prepared by counsel, is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

### Summary of the Amended Complaint

The amended complaint describes an assault upon Plaintiff in February 2014 by defendants Berry and Qualls.  What provoked the encounter between Plaintiff, Berry and Qualls is not made clear.  Defendants Snell and Purdom witnessed the assault and did not intervene.  Plaintiff was handcuffed during the attack and was beaten until he fell to the ground; unable to walk, he was dragged away.  An officer who observed Plaintiff's condition instructed Qualls to take him to the healthcare unit, but instead Plaintiff was taken to another cellhouse.  These allegations form the basis for:  Count I, alleging that Berry and Qualls used excessive force in violation of the Eighth Amendment; Count II, alleging that Berry, Qualls, Snell and Purdom, failed to intervene; and the supplemental state law claims in Counts VI, VII and VIII, alleging assault, battery and the intentional infliction of emotional distress, respectively.

Upon arrival in the cellhouse, Plaintiff told defendant Lang, about the assault and the pain he was experiencing.  Lang is a medical technician.  Neither Lang, Berry, Qualls, Snell nor Purdom, got Plaintiff medical care for his injuries.  Plaintiff's jaw was injured to the extent that he could not eat, drink or sleep, and he suffered an assortment of other injuries.  More than a month after the attack, Plaintiff sought treatment from an unknown doctor and was denied any "minimally adequate treatment," examination or testing.  These allegations form the basis of Count III, alleging Berry, Qualls, Snell, Purdom, Lang and the unknown physician denied Plaintiff medical care in violation of the Eighth Amendment.

"In the days following the attack," Plaintiff was issued a disciplinary report charging him with possessing alcohol and an altered television. (Doc. 15, p. 10).  Whether the disciplinary

report and the physical altercation are connected is not clear, but defendant Berry is described as a witness, indicating Berry was the correctional officer who discovered the alcohol and television set.  The Adjustment Committee, comprised of defendants Hughes and Hart, conducted a disciplinary hearing.  Hughes and Hart refused Plaintiff's request to call defendant Berry as a witness.  Plaintiff's request for additional time to formulate a defense was denied.  He was not given an interpreter or other assistance at the hearing.  Also, Plaintiff was not allowed to speak on his own behalf.  According to Plaintiff, the Adjustment Committee knew the contraband items were found in a property box that did not belong to Plaintiff, and that the television at issue was not Plaintiff's, but that exculpatory information was not revealed to Plaintiff.  Furthermore, Plaintiff was convicted of the disciplinary infraction, resulting in his placement in segregation and other restrictions for six months.  It is alleged that defendants Hughes, Hart and Harrington did not act randomly and without authorization; rather, "their conduct was the foreseeable result of the policies and practices of the [d]efendants."  (Doc. 15, p. 16).  These allegations form the basis of Count IV, a Fourteenth Amendment due process claim against Hughes, Hart and Harrington.

In segregation, Plaintiff's mattress was stained with urine and feces and his cell was filthy, with mold, dirt, dust and insects.  There was no heat or air conditioning.  Plaintiff was not given cleaning supplies.  Also, "defendants" refused to give him fresh clothes for months.  "No member of the IDOC staff, including Defendants Harrington and Butler, ever took any actions to remedy the conditions that Mr. Osbaldo encountered."  (Doc. 15, p. 13).  Both Harrington and Butler were (at different times) the warden of Menard, and they each allegedly had notice of the existence of the conditions of Plaintiff's confinement in segregation.  Count V, an Eighth Amendment claim against Harrington and Butler, is premised upon these allegations.

Count IX alleges that all eleven defendants were negligent or acted willfully and wantonly, in violation of state law.

Count X is a state law claim against defendant Wexford Health Sources, Inc., the contract healthcare provider at Menard. Wexford is allegedly liable for the actions of the unknown physician.

Finally, Count XI is an indemnification claim, citing Illinois's obligation to indemnify its employees, Berry, Qualls, Snell, Purdom, Hughes, Hart, Harrington, Butler and Lang.

## Discussion

All eleven legal claims asserted are properly pleaded, although the involvement of defendants Harrington, Butler and Wexford Health Sources, Inc., is *barely* indicated in the narrative of the amended complaint. Given that Federal Rule of Civil Procedure 8 only requires notice pleading, and affording Plaintiff all reasonable inferences, the amended complaint passes preliminary review in that respect. [1]

The propriety of joining all parties and claims, however, must be addressed in greater detail. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

Although a party may join "as many claims as it has against an opposing party, claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Multiple defendants can be joined in a single action, but only if: "(A) any right

---

[1] At this early juncture, the Court will not delve into whether Count XI based on the State Employee Indemnification Act, 5 ILCS 350/1, *et seq*., requires Illinois to be a necessary party. Instead, Count XI is treated more as an anticipatory claim. The Court anticipates that the defendants will address the issue in due course.

to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2).

Once defendants are properly joined under Rule 20, Rule 18 permits all claims against each defendant to be joined. *See Vermillion v. Levenhagen*, 604 F. App'x 508, 512 (7th Cir. 2015) (citing *Intercon Research Assocs., Ltd. V. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982) (noting that "joinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted"); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1585 (3d ed. 2010) ("Once parties are properly joined . . . as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a).")).

The Court's summary of the amended complaint reflects how the various defendants are connected to each of the four events at issue: (1) the attack; (2) the denial of medical care; (3) the disciplinary proceeding; and (4) the conditions of confinement in disciplinary segregation. A liberal reading of the amended complaint—assuming that the disciplinary infractions and the attack are related (as indicated in the original complaint)—suggests that the attack, denial of medical care, issuance of a disciplinary report and the disciplinary hearing are a related series of occurrences. Plaintiff's injuries are a common question of fact connecting those three events. Thus, defendants Berry, Qualls, Snell, Purdom, Lang, the unknown physician, Hughes, Hart and Harrington are all properly joined. Defendant Wexford Health Sources, Inc., may also be joined

because of its connection to Plaintiff's medical treatment, as the employer of the unknown physician, and possibly medical technician Lang.

There is no allegation that defendant Warden Butler was involved in the attack, denial of medical care, or disciplinary proceedings. Rather, Butler is only linked to the conditions of confinement in disciplinary segregation. Plaintiff is apparently suggesting that because the disciplinary hearing resulted in Plaintiff being placed in segregation, the failure to remedy the conditions of Plaintiff's confinement is the fourth in a series of occurrences for purposes of satisfying Rule 20(a)(1)(A). Even if that were correct, there is no question of law or fact common to Butler and the other ten defendants. The questions of law and fact in Count V are clearly separate and distinct. Furthermore, Butler cannot be yoked to the other defendants by the allegations that "defendants" refused to give him fresh clothes for months, and "[n]o member of the IDOC staff" ever took any actions to remedy the conditions of confinement. It is obvious that those sweeping terms would not include Wexford Health Sources, Inc.

Although Rule 18(a) permits the conditions of confinement *claim* (Count V) to be joined because defendant Harrington is involved, that does not cure the misjoinder of defendant Butler. Consequently, pursuant to Federal Rule of Civil Procedure 21, Count V against defendants Butler and Harrington will be severed into a separate case, for which a separate filing fee will be assessed in accordance with *George*.

For the sake of completeness, it is further noted that defendant Butler must also be dismissed from (1) Count IX, which asserts a corresponding state law claims of negligence or willful and wanton conduct, and (2) Count XI, relative to indemnification. Those claims, as they pertain to Count V, Butler and Harrington, will also be severed into the new case.

New counsel will be assigned to represent Plaintiff in the new case, because Local Rule 83.1(i) only permits the Court to assign an attorney one case during a 12-month period. The assignment order will appear in the new case, once that case is opened.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT V** of the amended complaint (Doc. 15), the Eighth Amendment conditions of confinement claim against defendants **BUTLER and HARRINGTON**, shall be **SEVERED** into a new case, for which another filing fee will be assessed. The related supplemental state law claims against **BUTLER and HARRINGTON** in **COUNT IX** of the amended complaint (Doc. 15), alleging negligence or willful and wanton action, and **COUNT XI** of the amended complaint (Doc. 15), regarding indemnification, shall also be **SEVERED** and asserted in the new case. Accordingly, **BUTLER** shall be **DISMISSED** from the present action.

The Clerk of Court is **DIRECTED** to caption the new case: *Osbaldo v. Richard Harrington and Kimberly Butler*. The Clerk shall include in the docket: a copy of this Order, and copies of Docs. 2, 3, 6, 8 and 15. The new case shall be randomly assigned to a district judge. The new case shall be tracked so that it undergoes preliminary review pursuant to 28 U.S.C. § 1915A, if only to allow for the entry of orders regarding pauper status, the assessment of a filing fee, assignment counsel, and other preliminary matters.

**IT IS FURTHER ORDERED** that **COUNTS I-IV and VI-XI** shall **PROCEED** against defendants **BERRY, QUALLS, SNELL, PURDOM, LANG, HUGHES, HART, HARRINGTON, WEXFORD HEALTH SOURCES, INC., and UNKNOWN MENARD PHYSICIAN**.

Because Plaintiff is represented by counsel, and in the absence of a motion for service of

process at government expense, Plaintiff's counsel, <u>not</u> the Clerk of Court, shall bear responsibility for the service of process upon the remaining ten defendants in this case. Of course, service upon the unknown party cannot be accomplished until that party is identified and the complaint is amended accordingly.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint (Doc. 15) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: November 30, 2015**

<u>*s/J. Phil Gilbert*</u><br>**United States District Judge**