IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE-NICOLAS OSBALDO, <br> No. R72183, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 15-cv-01317-JPG <br> ) |
| RICHARD HARRINGTON <br> and KIMBERLY BUTLER, | ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was severed from *Osbaldo v. Berry, et al.*, No. 15-cv-964-JPG (original case), pursuant to a Memorandum and Order entered by this Court on November 30, 2015. (Doc. 1, instant case). Consistent with the Memorandum and Order, the instant case will address the following claims against Defendants Kimberly Butler and Richard Harrington: (1) **Count V** – a conditions of confinement claim; (2) **Count IX** – a supplemental state law claim for negligence or willful and wanton conduct; and (3) **Count XI** – a supplemental state law indemnification claim pursuant to the Illinois State Employee Indemnification Act, 5 ILCS §§ 350/1, *et seq*. These claims survive preliminary review under 28 U.S.C. § 1915A and shall proceed against both defendants at this time.

Plaintiff is obligated to pay a separate filing fee for this newly-severed case. He filed a motion for leave to proceed *in forma pauperis* in the original case, and the motion was granted. Plaintiff is **GRANTED** leave to proceed *in forma pauperis* in the instant case as well. The filing fee of $350.00 shall be paid in installments by the Trust Fund Office at Menard Correctional Center, in accordance with the Order at Doc. 5.

Case 3:15-cv-01317-NJR-DGW Document 7 Filed 12/03/15 Page 2 of 5 Page ID #83

Plaintiff's motion for recruitment of counsel (Doc. 4, instant case) is also **GRANTED**. The Court will recruit counsel to represent Plaintiff in this matter. Plaintiff already filed a motion for recruitment of counsel in the original case, and it was also granted. (Docs. 3 and 9, original case). Counsel was appointed to represent Plaintiff in the original case. (Doc. 9, original case).

The reasons for granting the motion for recruitment of counsel in the original case apply with equal force in the instant matter. (*See* Doc. 9, original case). The district court has discretion to recruit counsel for an indigent litigant under 28 U.S.C. § 1915(e)(1). *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Plaintiff is indigent. He has made reasonable attempts to secure counsel on his own without success. Under the circumstance, the question becomes "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Plaintiff attended high school, but English is not his primary language. He cannot speak or write English to a degree that would allow him to prosecute this case *pro se*. Accordingly, the assignment of an attorney is warranted.

Although the Court already recruited an attorney to represent Plaintiff in the original case, the Court cannot appoint the same attorney to represent him in this matter. Local Rule 83.1(i) only permits the Court to assign an attorney one case during a 12-month period. It is therefore necessary to recruit a separate attorney for this case.

**IT IS ORDERED** that pursuant to Local Rule 83.1(i), Attorney **Kevin P. Green,** of Goldenberg Heller Antognoli & Rowland, P.C., located at 2227 S State Route 157, Edwardsville, Illinois 62025, is hereby **APPOINTED** to represent Plaintiff Jose-Nicolas Osbaldo for all further

Page **2** of **5**

proceedings *in this case and in this Court only*. The **CLERK** is **DIRECTED** to send a copy of the standard letter concerning appointment of counsel to Attorney Green immediately.

Attorney Green shall formally enter his appearance in this matter on or before **December 17, 2015**, and shall contact Plaintiff Osbaldo as soon as possible. Attorney Green is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel shall make the contact with Plaintiff Green first and explain that an associate may also be working on the case. Plaintiff should wait for an attorney to contact him in order to allow counsel an opportunity to review the court file.

The **CLERK** is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1 and 2 to Attorney Green. The electronic case file is available through the CM/ECF system. Counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections (IDOC) at Menard Correctional Center. Information about the facility is located at www.idoc.state.il.us. The Court expects that counsel may use the IDOC's videoconferencing system, if available at Menard, to confer with Plaintiff. The Court asks the Assistant Illinois State Attorney General, who inevitably will be assigned to this case, to help facilitate those arrangements.

Plaintiff is **ADVISED** that **the Court will not accept any filings from Plaintiff individually while he is represented by counsel,** *except* a pleading that asks that he be allowed to have counsel withdrawn from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee that the Court will appoint other counsel to represent Plaintiff.

**IT IS ORDERED** that because Plaintiff is represented by counsel, Plaintiff's counsel, and *not* the Clerk of Court, shall bear responsibility for service of process upon the two defendants in this case.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff's counsel shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding any grant of an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 3, 2015**

*s/ J. Phil Gilbert*
**U.S. District Judge**