IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE-NICOLAS OSBALDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-1317-NJR-DGW |
| | ) |
| RICHARD HARRINGTON | ) |
| and KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust filed by Defendants Richard Harrington and Kimberly Butler (Doc. 24) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Jose-Nicolas Osbaldo is an inmate currently incarcerated at Menard Correctional Center ("Menard CC"). Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 complaining that Wardens Richard Harrington and Kimberly Butler violated his Eighth Amendment rights by subjecting him to unconstitutional conditions of confinement while at Menard CC.

On September 28, 2016, Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies (Doc. 25). In support of their argument, Defendants submitted the affidavit of Debbie Knauer, a chairperson for the Administrative Review Board ("ARB"), attesting that the ARB has no record of any grievances filed by Plaintiff complaining about his conditions of confinement while at Menard CC.

In response to Defendants' motion, Plaintiff avers that he submitted two grievances related to the conditions of confinement complained of in this lawsuit.

The first grievance, dated **May 11, 2014**, primarily addresses Plaintiff's concerns regarding the denial of a previous grievance dated March 30, 2014 (related to a disciplinary report); however Plaintiff also includes in his request for relief to be "free from N2 segregation and $1,000.00 dollars for each day spend in this condemn confinement [*sic*]" (Doc. 29-2, p. 2). According to Plaintiff, this grievance was initially submitted directly to the warden as an emergency. The warden determined an emergency was not substantiated and Plaintiff was directed to submit his grievance in the normal manner. Plaintiff then submitted his grievance in the normal manner on May 18, 2014 and received a counselor's response on or about May 22, 2014. The counselor did not address Plaintiff's request for relief from N2 segregation or his statement regarding the "condemn confinement." The Grievance Officer denied this grievance on July 15, 2014 and the warden concurred with the Grievance Officer's decision on July 18, 2014. The ARB received the grievance on August 5, 2014 and responded with a denial on February 18, 2015. The IDOC director signed off on the ARB's decision on February 23, 2015. At no point was Plaintiff's requested relief regarding segregation addressed.

Plaintiff submitted a second grievance in his response, dated **July 10, 2014**, as evidence of his attempts to exhaust. In this grievance, Plaintiff complains that the fan in his cell

overheated and melted. Plaintiff also asks for compensation for each day that he has spent in confinement behind a steel door. This grievance was determined to not be an emergency on July 16, 2014. Although there is no other documentation concerning this grievance, Plaintiff's cumulative counseling summary indicates it was received by the counselor on August 16, 2014 and Plaintiff was issued a fan sometime on or before September 9, 2014. Plaintiff contends that because he received no other response to this grievance that the administrative process became unavailable to him.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on April 18, 2017. At the hearing, Defendants argued that the grievances relied on by Plaintiff to establish exhaustion are insufficient as they only tangentially relate to his conditions of confinement and do not recite, with any particularity, the conditions complained of in this lawsuit. More specifically, Defendants argued that Plaintiff merely complained about being in segregation in general, but failed to complain about the condition of his mattress, the dirt and mold on the walls, the insect infestation, and the small size of his quarters. Plaintiff argued that his general complaints are sufficient to exhaust his conditions of confinement claim particularly in light of the fact that Plaintiff has limited English skills.

## LEGAL STANDARDS

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005);

*Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The

Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the

appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## CONCLUSIONS OF LAW

Based on the evidence in the record and arguments at the Pavey Hearing, the Court finds that Plaintiff exhausted his claim as to Defendants Harrington and Butler.

First, it is undisputed that Plaintiff exhausted his administrative remedies with regard to his May 11, 2014 grievance. Further, the Court finds Plaintiff's assertions regarding his attempts to exhaust his July 10, 2014 grievance credible. As the Illinois Administrative Code provides no guidance for an inmate on how to exhaust a grievance for which no written response was received and Plaintiff's cumulative counseling summary indicates that this grievance was addressed orally by his counselor, the Court finds Plaintiff was thwarted in his attempts to have this grievance reviewed both at the institutional level and by the ARB. Accordingly, Plaintiff sufficiently exhausted his July 10, 2014 grievance as well. However, the Court's inquiry does not end there. The Court must also consider whether the content of the grievances is sufficient to cover the claims in this lawsuit.

While Plaintiff's grievances fail to specify each and every condition mentioned in his complaint, the content of the grievances was sufficient to notify prison officials of issues concerning the conditions in his segregation cell and provide them the opportunity to address said issues — thereby serving the purpose of the exhaustion requirement. *See Kaba v. Stepp*, 458 F.3d 678, 684. Indeed, Plaintiff's indication that his cell was "condemn[ed]" was more than adequate to put prison officials on notice that there were serious issues with the conditions of his cell. Moreover, the Court notes that the PLRA does not require a grievance to mirror the allegations in a complaint. Here, Plaintiff clearly complained about the conditions in segregation and, in his July 10, 2014 grievance, goes so far as to specifically mention that his fan overheated and melted. Certainly prison officials could infer Plaintiff was complaining about the temperature of his cell. The Court finds that it would be unjust to require Plaintiff, an inmate whose primary language is not English and has only completed some high school, to recite each and every condition he now complains of in his grievances. For these reasons, the Court finds

that the content of the May 11, 2014 and July 10, 2014 grievances sufficient to exhaust the claims in this lawsuit.

### RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary Judgment for Failure to Exhaust filed by Defendants Richard Harrington and Kimberly Butler (Doc. 24) be **DENIED**; that the Court **FIND** Plaintiff exhausted his administrative remedies as to his unconstitutional conditions of confinement claim against Defendants Harrington and Butler prior to filing this lawsuit; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 12, 2017**

                            **DONALD G. WILKERSON**
                            **United States Magistrate Judge**