IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE-NICOLAS OSBALDO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-1317-NJR-DGW |
| RICHARD HARRINGTON and KIMBERLY BUTLER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 34), which recommends denying the motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendant Richard Harrington and Kimberly Butler (Doc. 24). Neither party filed an objection to the Report and Recommendation. For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies the motion for summary judgment.

### BACKGROUND

Plaintiff Jose-Nicolas Osbaldo, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights stemming from an assault in February 2014, the denial of medical care, subsequent disciplinary proceedings, and the conditions of his confinement in segregation (Doc. 1).

Supplemental claims based on Illinois law were also asserted (Doc. 1). Plaintiff's claims against Defendants Harrington and Butler for unconstitutional conditions of confinement and his supplemental state law claims for negligence or willful and wanton conduct and indemnification were severed from the original case (15-cv-964-NJR-DGW) into this case (Doc. 1, Doc. 7).

Defendants Harrington and Butler filed a motion for summary judgment on September 28, 2016, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (Doc. 24). Defendants asserted that the Administrative Review Board had no record of any grievances from Plaintiff regarding the conditions of his confinement at Menard, and therefore he failed to exhaust his administrative remedies (Doc. 34; Doc. 25). Plaintiff filed a response in opposition to the motion for summary judgment, asserting that he submitted two grievances related to the conditions of his confinement (Doc. 34; Doc. 29).

In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on April 18, 2017 (Doc. 33). On May 12, 2017, he issued the Report and Recommendation currently before the Court, in which he recommends denying the motion for summary judgment, (Doc. 34). Objections to the Report and Recommendation were due on or before May 26, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). As previously mentioned, neither party filed an objection.

# ANALYSIS

Where neither timely nor specific objections to the Report and Recommendation are made, the court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff submitted an emergency grievance on May 11, 2014, which included a request to be "free from N2 segregation and $1,000.00 dollars for each day spend in this condemn confinement [*sic*]" (Docs. 29-2, 29-3). It is undisputed that this grievance was fully exhausted (*see* Doc. 34, p. 2). Plaintiff submitted another emergency grievance on July 10, 2014, complaining that the fan in his cell overheated and melted (Doc. 29-8). Plaintiff also asked for compensation for each day that he had spent in confinement behind a steel door (Doc. 29-8). This grievance was determined not to be an emergency, and Plaintiff submitted it to his counselor (Doc. 29-8; *see* Doc. 29-9). The cumulative counseling summary indicates this grievance was received by Plaintiff's counselor on August 16, 2014 (Doc. 29-9), however, Plaintiff testified that he never received a written

response from his counselor. Magistrate Judge Wilkerson found Plaintiff's testimony credible (Doc. 34), and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Because Plaintiff took the steps required of him to informally resolve his grievance, but his counselor failed to provide a written response, the grievance process was rendered unavailable. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). Furthermore, the Court fully agrees with Magistrate Judge Wilkerson's assessment that the content of these two grievances was sufficient for prison officials to infer that Plaintiff was complaining about the conditions in his segregation cell (*see* Doc. 34, pp. 7–8). Therefore, Plaintiff is deemed to have exhausted his administrative remedies. *Lewis*, 300 F.3d at 833.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 34) and **DENIES** the motion for summary judgment on the issue of exhaustion filed by Defendants Richard Harrington and Kimberly Butler (Doc. 24).

IT IS SO ORDERED.

DATED: June 5, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**