IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOSE-NICOLAS OSBALDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )    No. 15-cv-1317-NJR-DGW |
| | ) |
| RICHARD HARRINGTON, et. al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

Pending before the Court is Defendants' Motion for a Protective Order (Doc. 48). The Court and all parties being fully advised in the same, and good cause having been shown, IT IS HEREBY ORDERED:

1. "Confidential Information" as used in this Protective Order shall mean documents and other material or information containing or reflecting a trade secret or other confidential employee, medical, financial or business information, or as otherwise considered confidential under applicable law.

2. This protective order applies to Confidential Materials, including: (1) interdepartmental e-mails between employees of the Illinois Department of Corrections; and (2) attachments to interdepartmental e-mails. These documents, and any others so designated as set forth herein, shall be designated as "Confidential Materials."

3. With respect to Confidential Material that has been or will be requested, the individual or entity responding to the request shall not withhold all or any part of the same on the ground that it contains sensitive and confidential information, but shall clearly mark and identify such matter as being Confidential Material.

4. Confidential Materials shall be disclosed or made available only to the following persons: (a) the parties to this action and counsel of record or other licensed attorneys participating in the litigation; (b) personnel who are specifically assisting in this litigation; (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation, provided that such individuals are not current or former inmates of IDOC; (d) any deponent to whom disclosure is required for the prosecution or defense of this action; (e) the Court in this action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service; (f) the author, addressee or any other person identified as a recipient of specified Confidential Information who would otherwise be entitled to receive same; and (g) other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court order.

5. Persons designated in paragraphs 4 shall be advised that they may not use, disclose, or disseminate any Confidential Material other than for purposes directly related to this litigation and shall not disclose or disseminate Confidential Material to any others, without prior written permission of the Illinois Department of Corrections ("IDOC") or by order of the Court.

6. A person designated in paragraph 4(c) and 4(g) shall not have access to any Confidential Material until indicating in writing that he or she has read a copy of this Order, and agrees to be bound by it and understands they will be subject to the Court's jurisdiction for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions. Copies of all such agreements shall be made available to IDOC's counsel upon request.

7. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

8. If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may require that, with respect to the portion of deposition testimony containing the Confidential Information:

    a. the testimony, the transcript and/or the videotape thereof, be treated as "Confidential"; and

    b. the room in which the deposition is being taken shall, at the insistence of the designating party, be closed except to persons who are permitted access to such information or documents under the terms of this Confidentiality Order.

Counsel for any party may also request that portions of a deposition transcript be treated as Confidential Information within fifteen (15) days of initial receipt of the transcript regardless of when or if signed or reviewed by the deponent.

9. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.

10. Maintenance of the confidential status of any such Confidential Material shall be subject to further order of this Court and nothing herein shall preclude any party from applying to the Court for modification of this Order. The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this Order. Counsel shall first seek to resolve by agreement, and without involvement of the Court, any disputes regarding confidential designations.

11. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to IDOC or destroyed.

IT IS SO ORDERED.

Date: April 26, 2018

_____
Judge Donald G. Wilkerson
United States Magistrate Judge