## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

OSBALDO JOSE-NICOLAS, )
)
        **Plaintiff,** )
)
vs. )     Case No. 3:15-CV-1317-NJR-GCS
)
KIMBERLY BUTLER, )
)
        **Defendant.** )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Osbaldo Jose-Nicolas filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 against Defendant Kimberly Butler for violating his constitutional rights while he was an inmate of the Illinois Department of Corrections housed in segregation at Menard Correctional Center. This case was severed from *Osbaldo v. Berry, et al.*, No. 15-cv-965-JPG.

After severance, the following claims are pending in this action: (1) Count V—a conditions of confinement claim; (2) Count IX—a supplemental state law claim for negligence or willful and wanton conduct; and (3) Count XI—a supplemental state law indemnification claim pursuant to the Illinois State Employee Indemnification Act, 5 ILCS § § 350/1, *et seq.* Jose-Nicolas alleges among other things that, while he was in segregation, his mattress was broken, dirty, and smelled of urine and feces, the toilet was leaking, and there were small white insects in the toilet as well as in a puddle of standing water next to the toilet, there was black-green mold on the walls, and the temperature in

his cell was extremely high during the summer.

On October 19, 2018, Defendant Butler filed a motion for summary judgment as to Count V only, arguing the following: that the conditions were not serious enough to violate the Eighth Amendment; Butler was not deliberately indifferent to any risk of harm to Jose-Nicolas; Butler was not personally involved in any constitutional violation; Butler is entitled to qualified immunity; Jose-Nicolas is not entitled to compensatory damages under the Prison Litigation Reform Act (PLRA); and Jose-Nicolas is not entitled to punitive damages (Doc. 57). Jose-Nicolas filed a response to Defendant Butler's motion on November 26, 2018 (Doc. 60).

On December 19, 2018, Magistrate Judge Donald G. Wilkerson entered the Report and Recommendation currently before the Court, which recommends that summary judgment be denied (Doc. 66).

Objections to the Report and Recommendation were due January 7, 2019. Because no party has filed an objection, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The undersigned

accordingly **ADOPTS** the Report and Recommendation in its entirety (Doc. 66). The

Motion for Summary Judgment filed by Defendant Butler is **DENIED.**[1]

      This case shall now proceed to trial on Counts V, IX, and XI against Defendant

Butler. **The Final Pretrial Conference remains set at 9:30 a.m. on February 11, 2019. Jury**

**trial will commence at 9 a.m. on February 19, 2019.**

      **IT IS SO ORDERED.**

      **DATED:   January 11, 2019**

 

 

                               **NANCY J. ROSENSTENGEL**
                               **United States District Judge**

---

[1] Butler made two additional arguments in her motion for summary judgment that the Report and Recommendation does not address. Butler argued that Jose-Nicolas is not entitled to compensatory damages under the Prison Litigation Reform Act (PLRA) and that Jose-Nicolas is not entitled to punitive damages. The Court has reviewed these cursory arguments and finds that summary judgment is not warranted.