IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSBALDO JOSE-NICOLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1317-NJR-GCS |
| | ) |
| KIMBERLY BUTLER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

I. **Motion for Sanctions (Doc. 97)**

In relation to Plaintiff's Motion *in limine* No. 8, Plaintiff has filed a motion for sanctions (Doc. 97), arguing that Defendant failed to identify witnesses and documents that she intends to use at trial until less than forty days prior to trial and this has caused prejudice to Plaintiff. Specifically, Defendant did not disclose witnesses Lieutenant Nicholas Bebout and Thomas Meso until Defendant filed her Federal Rule of Civil Procedure 26(a)(3) disclosures. Defendant did not disclose certain medical records, mental health records, CHAMPS through June 2016, Plaintiff's Master File documents, North 2 workers assignments, majors assignments and cleaning logs until January 14, 2019, nearly four months after the close of discovery.

As to the witnesses, Defendant argues that their names were in documents disclosed to Plaintiff during initial disclosures, such as the North 2 Unit Shift Reports with IDOC bates numbers 000235-000960. Defendant intends to use these witnesses to

provide foundation for the North 2 Unit Shift Reports and explain what is contained within them. As to the documents, Defendant argues that this was an inadvertent oversight, and she only intends to use a few of the documents at trial. Plaintiff argues that he has been prejudiced due to the late disclosure because he was unable to explore this evidence during discovery. Thus, he seeks sanctions pursuant to Federal Rule of Civil Procedure 37(c).

> Federal Rule of Civil Procedure 37(c) provides as follows:
>
> (1) If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c).

The failure to disclose witnesses or documents is excusable where "the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(2). This determination is entrusted to the broad discretion of the district court. *See Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353 (7th Cir. 1996). The following factors should guide the district court's discretion: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the

evidence at an earlier date. *Tribble v. Envangelides,* 670 F.3d 753, 760 (7th Cir. 2012). Additionally, pursuant to its inherent powers, a court may impose any other sanctions required "to rectify abuses to the judicial process." *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991)).

The record supports a finding that Defendant did not disclose the documents mentioned above in a timely manner. Defendant's counsel explains that she inadvertently missed slightly over 100 documents out of the thousands of documents that were produced, but this explanation is not sufficient. While the Court recognizes that another attorney from the Attorney General's Office was assigned to the case previously, this does not relieve Defendant from complying with the rules of discovery.

Defendant's assertion that the late disclosure does not prejudice Plaintiff because Defendant only intends to use a few of those documents is unpersuasive. This evidence appears to be directly relevant to the issues in this case and evidence that Plaintiff could have explored during discovery. Thus, the Court finds that Defendant's failure to disclose such evidence was "without substantial justification" and was not "harmless." Pursuant to Rule 37, all of the documents will be excluded from trial.

Plaintiff also requests that the Court impose additional sanctions, such as (1) entering default judgment against Defendant, at least with respect to liability; (2) prohibiting Defendant from opposing, or a finding as conclusively established Plaintiff's claims regarding: (a) the conditions of the Cell; (b) the cleaning of the Cell, including the inadequacy of cleaning supplies provided; (c) the medical condition or mental health of Plaintiff; (d) the excessive heat in the Cell, including the melting of

Plaintiff's fan; and (e) the harm suffered by Plaintiff from being confined in the Cell; (3) directing an instruction informing the jury of Defendant's failures, along with an adverse inference instruction; and/or (4) directing Defendant to pay Plaintiff's reasonable expenses, including attorney's fees, caused by the failure, and such other and further relief as the Court deems just and proper.

Defendant's conduct of failing to disclose 100 documents—at least some of which could have been helpful to Plaintiff's case—cannot be condoned and warrants penalties beyond exclusion. For this reason, the Court finds a monetary sanction to be the most appropriate. Defendant is ordered to pay Plaintiff reasonable expenses, including attorney's fees, caused by the failure to disclose the documents.

As to witnesses Nicholas Bebout and Thomas Messo, Defendant argues that these witnesses' names were in the North 2 Unit Shift Reports with IDOC bates numbers 000235-000960, which were disclosed to Plaintiff during initial disclosures. Defendant further explains that she intends to use these witnesses to provide foundation for the North 2 Unit Shift Report documents and to explain what is contained within them. In light of this, the Court is hard-pressed to understand the prejudice. Thus, these two witnesses will be permitted to testify, but *only* to lay the foundation for the North 2 Unit Shift Reports with IDOC bates numbers 000235-000960 and to explain what is contained within the documents. No other testimony from these witnesses will be permitted.

The motion for sanctions (Doc. 97) is granted in part and denied in part. Plaintiff's Motion *in limine* No. 8 (Doc. 85) is likewise granted in part and denied in part.

## II. Negligent or Willful and Wanton Conduct Claim

Defendant argues in her trial brief that the negligent or willful and wanton conduct claim is barred by state sovereign immunity (*See* Doc. 98). The Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, provides generally that the State of Illinois is immune from suit in any court except the Illinois Court of Claims. An action against an individual state employee will be characterized as an action against the State if (1) the officers were acting beyond the scope of their authority through wrongful acts; (2) the duty alleged to have been breached was imposed on the officers solely by virtue of their employment and was not a duty owed by all citizens, and (3) the complained-of actions involved matters ordinarily within the officers' normal and official functions. *Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001) (quoting *Healy v. Vaupel*, 549 N.E.2d 1240, 1246 (Ill. 1990)).

"The doctrine of sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law *or* in excess of his authority." *Leetaru v. Bd. of Trustees of Univ. of Ill.*, 2015 IL 117485, 32 N.D.3d 583, 595 (Ill. 2015) (emphasis added); *accord Murphy v. Smith*, 844 F.3d 653, 658-59 (7th Cir. 2016). "This exception is premised on the principle that while legal official acts of state officers are regarded as acts of the State itself . . . when a state officer performs illegally or purports to act under an unconstitutional act or under authority which he does not have, the officer's conduct is not regarded as the conduct of the State." *Leetaru*, 32 N.E.3d at 596; *accord Murphy*, 844 F.3d at 659. The Seventh Circuit has explained that, in 2015, the Illinois Supreme Court "reaffirmed the exception in broad terms, over a dissent that

would have narrowed [in scope]." *Murphy*, 844 F.3d at 659 (citing *Leetaru*, 32 N.E.3d at 611-612). The role of the federal courts "is to take the *Leetaru* majority opinion at its word" and "the exception applies whenever 'agents of the State have acted in violation of statutory or constitutional law.'" *Murphy*, 844 F.3d at 659 (quoting *Leetaru*, 32 N.E.3d at 597).

The Northern District of Illinois has explained this as follows:

> More importantly, the sovereign immunity determination "does not depend simply upon whether the employee was acting within the scope of his employment when he committed the act in question" but rather "turns on the *source of the duty* with the breach of which the employee is charged." *Fritz v. Johnson*, 807 N.E.2d 461, 466, 209 Ill. 2d 302, 282 Ill. Dec. 837 (2004). Although the IDOC Defendants' duty to protect inmates, like Taylor, from harm "arises solely from their employment at IDOC, and the normal functions of IDOC employees include protecting inmates from bodily harm," *Johnson v. Winters*, No. 10 C 5480, 2013 U.S. Dist. LEXIS 112031, 2013 WL 4029114, at *18 (N.D. Ill. Aug. 8, 2013), here Taylor bases his IIED claim on the IDOC Defendants' alleged constitutional violations in failing to protect him from harm and failing to provide him with required medical care. In such a case, "when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority" and the state law claim depends on the alleged constitutional violation, sovereign immunity does not apply.

*Taylor v. Wexford Health Sources, Inc.*, No. 15 C 5190, 2016 WL 3227310, at *6 (N.D. Ill. June 13, 2016) (emphasis in original).

Plaintiff argues that Defendant committed the tort of negligence or willful and wanton conduct. This claim is dependent on Plaintiff's claim that Defendant violated the Eighth Amendment. Because there is an issue of fact as to whether Defendant violated Plaintiff's constitutional rights, state sovereign immunity does not bar his state-law claim for negligent or willful and wanton conduct. *See Jose-Nicolas v. Berry*, Case No. 3:15-cv-

964-NJR-DGW, 2018 WL 1466769, at *10 (S. D. Ill. Mar. 2, 2018) ("Jose-Nicolas has established a genuine issue of material fact as to whether these four Defendants acted in excess of their authority and violated the Eighth Amendment to the Constitution. Consequently, state sovereign immunity does not bar his state-law claims for negligence or willful and wanton conduct against them."); *see also Ellis v. Pfister*, Case No. 16 C 9449, 2017 WL 1436967, at *5 (N.D. Ill. Apr. 24, 2017) ("Because Plaintiff has plausibly alleged constitutional violations against all Defendants, Defendants are not protected by Illinois' sovereign immunity principles.").

### III. Indemnification Claim

Defendant also argues in her trial brief that Plaintiff's indemnification claim is not properly before the Court because it is also barred by state sovereign immunity. Plaintiff seeks to enforce the State's obligations under state law to indemnify its employer for any judgment entered against them. "The '[S]tate's decision to indemnify its employees does not transform a suit against individual defendants into a suit against the sovereign,'" thus, sovereign immunity does not bar Plaintiff's indemnification claim. *Taylor*, 2016 WL 3227310, at *7 (quoting *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 779 (7th Cir. 1991). Also, the Court has already granted Defendant's Motion *in limine* No. 2, that evidence suggesting that the State of Illinois may indemnify Defendant may not be presented to the jury, as this determination is a question of law (*See* Doc. 106).

### Conclusion

For the reasons set forth above, Plaintiff's Motion for Sanctions is **GRANTED in part** and **DENIED in part** (Doc. 97). Likewise, Plaintiff's Motion *in limine* No. 8 to Exclude

Evidence from Witnesses and Documents that Were Not Disclosed During Discovery (Doc. 85) is **GRANTED in part** and **DENIED in part**. Plaintiff's counsel is **DIRECTED** to submit an affidavit detailing the reasonable attorney's fees and expenses associated with the failure to disclose the aforementioned documents. The affidavit should be filed on or before **March 1, 2019**. The Court will determine the reasonableness of the expenses and fees before ordering Defendant to submit payment to Plaintiff.

    **IT IS SO ORDERED.**

    **DATED:**   **February 15, 2019**

    s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**